UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| MARK A. WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CV-605-TAV-CCS |
| | ) | |
| MARK PROFFITT and NORRIS LAKE BOAT CENTER, LLC, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |
| | ) | |
| MARK PROFFITT, | ) | |
| | ) | |
| Counter-Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MARK A. WILSON, | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court is the Joint Motion to Amend Scheduling Order and to Extend Certain Pretrial Deadlines [Doc. 16]. For grounds, the parties state that following the entry of the Scheduling Order, they discussed settlement, although they have not progressed in the discussions. In addition, they assert that due to their schedules and other pressing matters, they have not been engaged in substantial discovery. The parties seek an extension of the following deadlines:

motions to compel discovery; Plaintiff's expert witness disclosures; Defendants' expert witness disclosures; the deadline for completing discovery; and the deadline for filing *Daubert* Motions. The parties submit that such extensions are necessary and appropriate in order to allow meaningful and timely preparation of trial, without affecting the trial date.

The Court has considered the parties' Joint Motion and their proposed deadlines. As an initial matter, the parties' conclusory reason for the requested extensions (i.e., they have been busy) is not a valid reason to amend the Scheduling Order. In any event, however, given that the parties have agreed to extend the deadlines and the deadlines (as modified) will not affect the trial date, the Court will grant the parties' request in part.

While the parties claim that their proposed deadlines will not affect the trial date, the Court is not as optimistic. For instance, the parties propose that motions requesting a *Daubert* hearing be filed on March 22, 2018. Given this deadline, under Local Rule 7.1(a), the parties' *Daubert* motions will be completely ripe on April 12, 2018. This would leave the Court an insufficient amount time to schedule a hearing on the *Daubert* motions, take the matter under advisement, and issue an opinion, all before the May 7, 2018 trial date. Accordingly, for this reason, the Court **GRANTS IN PART AND DENIES IN PART** the Joint Motion to Amend Scheduling Order and to Extend Certain Pretrial Deadlines [**Doc. 16**]. The Court further **ORDERS** as follows:

1. Motions to compel discovery shall be filed on or before **January 19, 2018**;

2. Plaintiff shall submit his expert disclosures on or before **February 1, 2018**;

3. Defendants shall submit their expert disclosures on or before **February 22, 2018**;

4. All *Daubert* motions shall be filed on or before **March 1, 2018**; and

5. All discovery shall be completed on or before **March 22, 2018**.

**IT IS SO ORDERED.**

ENTER:

　　　　s/ C. Clifford Shirley, Jr.
United States Magistrate Judge